## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOEL PEREZ,                          :        Civil No. 3:19-cv-1015
                                     :
            Plaintiff                :        (Judge Mariani)
                                     :
      v.                             :
                                     :
JAMES J. LARSON, *et al.*,           :
                                     :
            Defendants               :

## MEMORANDUM

Plaintiff Joel Perez ("Perez"), an inmate who was housed at all relevant times at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the Pennsylvania State Police, Correct Care Solutions, LLC, and several individuals employed by Luzerne County. (*Id.*). Presently ripe for disposition is a Rule 12(b) motion (Doc. 31) to dismiss by the Pennsylvania State Police. For the reasons set forth below, the Court will grant the motion.

## I.      Allegations of the Complaint

Perez alleges that he was assaulted by correctional officers at the Luzerne County Correctional Facility on October 12, 2016. (Doc. 1). He asserts that he was ordered to pack up his belongings for transport back to state prison, he was forcibly removed from his cell, and assaulted during the transport to state prison. (*Id.*).

Perez states that, on October 24, 2016, he wrote a "letter complaint" against the Luzerne County officials allegedly involved in these events and mailed it to the

Pennsylvania State Police.  (*Id.* at ¶ 71).  In the letter, Perez requested that the

Pennsylvania State Police initiate an investigation and file formal charges against the

individuals involved.  (*Id.*).  On December 15, 2016, Perez wrote a second letter complaint

to the Pennsylvania State Police regarding the events that he alleges occurred at the

Luzerne County Correctional Facility and requested a formal investigation and the filing of

charges against the officials involved.  (*Id.* at ¶ 74).  Perez also asserts that, on January 9,

2017, he wrote a third letter complaint to either the Pennsylvania State Police, or the

Luzerne County Detective's office, regarding the events that allegedly occurred at the

Luzerne County Correctional Facility and requested a formal investigation and the filing of

charges against the officials involved.  (*Id.* at ¶ 75).

II.    **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'"  *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements."  *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."  *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Thus, § 1983 limits liability to persons who violate constitutional rights.

It is well-settled that neither a state nor its agencies are considered "person[s]" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). The Pennsylvania State Police is not a person within the meaning of 42 U.S.C. § 1983 and is not amenable to suit under § 1983. *See*, *e.g.*, *Burnsworth v. PC Lab.*, 2008 WL 4372861, at *7 (W.D. Pa. Sept. 19, 2008), *aff'd*, 364 F. App'x 772 (3d Cir. 2010) ("[The] Pennsylvania State Police is not suable under Section 1983 because it is not a person within the meaning of Section 1983 . . ."). Accordingly, Perez's claims against the Pennsylvania State Police fail under the federal civil rights statute as a matter of law.[1]

Moreover, the Pennsylvania State Police is entitled to Eleventh Amendment immunity. Absent abrogation by Congress or waiver by the state, the Eleventh Amendment to the United States Constitution provides that states, and their constituent agencies or departments, are immune from suit in federal court. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (holding that "the [E]leventh [A]mendment's bar extends to suits against departments or agencies of the state having no existence apart from the state"). The Commonwealth of Pennsylvania

---

[1]    Even if a § 1983 claim against the Pennsylvania State Police was cognizable, "there is no constitutional right to the investigation or prosecution of another." *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) (per curiam).

has not waived its Eleventh Amendment immunity for lawsuits filed in federal court.  *See* 42 PA. CONS. STAT. § 8521(b).  As an agency of the Commonwealth of Pennsylvania, the Pennsylvania State Police is entitled to Eleventh Amendment immunity.  *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (per curiam) ("[T]he Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity.").  This protection extends to claims for damages and injunctive relief.  *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) ("The Eleventh Amendment to the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court, *regardless of the relief sought*.") (emphasis added).  Accordingly, Perez cannot maintain his claims against the Pennsylvania State Police.

## IV.    Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set forth above, Perez's claims against the Pennsylvania State Police are legally flawed and

thus incurable.  Therefore, the Court concludes that curative amendment would be a futile endeavor.

**V.**   <u>**Conclusion**</u>

The Court will grant the motion (Doc. 31) to dismiss by the Pennsylvania State Police.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September _____, 2020