IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL PEREZ, | : | Civil No. 3:19-cv-1015 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JAMES J. LARSON, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff Joel Perez ("Perez"), an inmate who was housed at all relevant times at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Correct Care Solutions, LLC ("Correct Care"), the Pennsylvania State Police[1], and several individuals employed by Luzerne County. (*Id.*). Presently ripe for disposition is a Rule 12(b) motion (Doc. 29-1) to dismiss by Correct Care. For the reasons set forth below, the Court will grant the motion and dismiss the claims against Correct Care with leave to amend.

**I.   Allegations of the Complaint**

Perez alleges that he was assaulted by correctional officers at the Luzerne County Correctional Facility in October 2016. (Doc. 1 ¶ 29). Specifically, on October 12, 2016, Perez was ordered by a guard to pack his belongings for transport back to state prison.

---

[1] By Order dated September 9, 2020, the Court dismissed the Pennsylvania State Police as a party to this action. (Docs. 50, 51).

(*Id.*). Perez believed this was an error and asked the guard to double-check his return date to state prison. (*Id.* at ¶ 30). Perez believed his transfer date to state prison was October 20, 2016, not October 12, 2016. (*Id.* at ¶ 31). Perez alleges that a sergeant told him that he was going back to state prison "for other reasons." (*Id.* at ¶ 32). Perez claims that he was packing his property when, suddenly, a prison guard began to pepper spray him. (*Id.* at ¶¶ 36-37). He alleges that he was dragged, punched, kicked, and choked. (*Id.* at ¶¶ 37-39, 41, 42, 46). During his walk through the facility and transport to state prison, the guards allegedly pushed Perez into walls and continued to hit him. (*Id.* at ¶¶ 44, 46, 50, 52-55).

Perez asserts that Correct Care is the medical provider for the Luzerne County Correctional Facility and is contracted to provide medical care for inmates at the prison. (*Id.* at ¶ 23). He alleges that Correct Care was deliberately indifferent to his medical needs. (*Id.* at ¶ 82).

## II.  Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

3

omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.  Discussion

Correct Care argues that Perez's Eighth Amendment claim fails because he failed to plead a policy, practice, or custom of Correct Care that violated his constitutional rights and caused him harm, failed to identify a final policymaker, and failed to allege "but for" causation. (Doc. 29, pp. 3, 7-14).

Correct Care provides healthcare services to inmates incarcerated within the Pennsylvania Department of Corrections. (*Id.*; Doc. 1 ¶ 23). Under § 1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable for Eighth Amendment violations on a *respondeat superior* theory. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Rather, pursuant to *Monell*, a private corporation can be held liable for constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *See Monell v. New*

*York City Dept. of Social Servs.*, 436 U.S. 658 (1978) (subjecting municipalities to liability for policies or customs that cause constitutional deprivations); *Natale*, 318 F.3d at 584 (applying *Monell* to a private company providing medical services to inmates). *See also Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669-70 (3d Cir. 2010) (nonprecedential) (noting that a private corporation providing medical service at a state correctional facility cannot be held liable under a theory of *respondeat superior* in a § 1983 suit). Thus, to prevail on his § 1983 claims against Correct Care, Perez must establish that there "there was a relevant [Correct Care] policy or custom, and that the policy caused the constitutional violation" for which he seeks relief. *See Natale*, 318 F.3d at 583-84. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir.1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)), *superseded in part by statute*, Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1072, § 102. A course of conduct not expressly authorized by law becomes a "custom" when the challenged "practices of state officials [are] so permanent and well settled" as to virtually constitute law. *Monell*, 436 U.S. at 690. In order to establish Correct Care's § 1983 liability under either a policy or a custom argument, "it is incumbent upon [plaintiff] to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews*, 895 F.2d at 1480 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). The "policymaker" is the person who "has

5

final, unreviewable discretion to make a decision or take an action," and who is or is not a policymaker is determined by reference to state law. *Andrews*, 895 F.2d at 1481.

In the complaint, Perez broadly alleges that "[nurse] E. Joyce and Correct Care[] Solutions" were deliberately indifferent to his serious medical needs. (Doc. 1 ¶ 82). Perez fails to allege any facts demonstrating that any perceived deficiency in his medical treatment may be the result of Correct Care's policies, practices, or customs, or that the purported policy was the "moving force behind the injury alleged." *Berg v. County of Allegheny*, 219 F.3d 261, 275-76 (3d Cir. 2000) (quoting *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)). The complaint does not even identify any Correct Care policies or procedures that may be at issue. *See Berg v. County of Allegheny*, 219 F.3d 261, 275-76 (3d Cir. 2000) ("Once a § 1983 plaintiff identifies a municipal policy or custom, he must 'demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'") (quoting *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)). Moreover, Perez has not alleged the existence of a final policymaker who affirmed Correct Care's policies. Consequently, as presently stated, Perez cannot maintain a *Monell* claim against Correct Care.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Perez will be afforded the opportunity to amend his claims against Correct Care.

## V. Conclusion

The Court will grant the motion (Doc. 29-1) to dismiss by Correct Care Solutions, LLC, and grant Perez an opportunity to file an amended complaint in the event he can state a plausible claim for relief. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 11, 2020