## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOEL PEREZ,                           :      Civil No. 3:19-cv-1015
                                      :
                    Plaintiff         :      (Judge Mariani)
                                      :
        v.                            :
                                      :
JAMES J. LARSON, et al.,              :
                                      :
                    Defendants        :

FILED
SCRANTON
SEP 3 0 2020
PER _____
       DEPUTY CLERK

### MEMORANDUM

Plaintiff Joel Perez ("Perez"), an inmate who was housed at all relevant times at the

Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, commenced this action

pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Named as Defendants are Luzerne County

Manager C. David Pedri, District Attorney Stefanie Salavantis, Division Head of Correctional

Services Mark Rockovich, Detective Division, Sheriff Szumski, Nurse Joyce, Warden James

J. Larson, Lieutenant Souchick, Lieutenant Seman, Lieutenant Sherry, Sergeant Rostowski,

and Correctional Officers Obes, Adams, Thomas, Bucknavage, Messersmith, McDavitt,

Hrivanak, Antosh, and Wolfe (collectively, the "Luzerne County Defendants").  Also named

as Defendants are the Pennsylvania State Police and Correct Care Solutions, LLC.[1]  (Id.).

---

[1]     By Orders dated September 9, 2020, and September 11, 2020, the Court granted motions to
dismiss by the Pennsylvania State Police and Correct Care Solutions, LLC, respectively.  (Docs. 50, 51, 52,
53).

Presently pending before the Court are two Rule 12(b) motions (Docs. 36, 39) to dismiss by the Luzerne County Defendants. Perez failed to respond to Defendants' motions and the time for responding has now passed.[2] Therefore, the motions are deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant the motions.

## I.   Allegations of the Complaint

Perez alleges that he was assaulted by correctional officers at the Luzerne County Correctional Facility in October 2016. (Doc. 1 ¶ 29). Specifically, on October 12, 2016, Perez was ordered by Defendants Adams and Obes to pack his belongings for transport back to state prison. (*Id.*). Perez believed this was an error and asked the guards to double-check his return date to state prison. (*Id.* at ¶ 30). Perez believed his transfer date to state prison was October 20, 2016, not October 12, 2016. (*Id.* at ¶ 31). Perez alleges that Defendant Rostowski told him that he was going back to state prison "for other reasons." (*Id.* at ¶ 32). Perez believes that Defendant Rostowski was responsible for coordinating the cell extraction. (*Id.* at ¶ 33). Perez further asserts that Defendant Sherry came to his cell and asked him if he wanted stay or leave. (*Id.* at ¶ 34). Perez responded that he wanted to stay, and Defendant Sherry allegedly stated, "well then, you will have to suffer the consequences." (*Id.* at ¶ 35).

---

[2] Perez was directed to file a brief in opposition to Defendants' motions and was admonished that failure to file an opposition brief would result in Defendants' motions being deemed unopposed. (Doc. 45) (citing M.D. PA. LOCAL RULE OF COURT 7.6). (*See also* Doc. 8, Standing Practice Order in Pro Se Plaintiff Cases, at 3).

Perez claims that he was packing his property when, suddenly, Defendant Wolfe began to pepper spray him. (*Id.* at ¶¶ 36-37). Defendant Thomas was the first guard to enter the cell and was armed with an electrified shield, which was pushed against Perez and caused him to fall onto the bed. (*Id.* at ¶ 38). Perez alleges that he was then beaten by guards while yelling at them that he was not resisting. (*Id.* at ¶¶ 39-43). Perez was handcuffed and shackled, and moved through the facility by Defendants Thomas and Bucknavage. (*Id.* at ¶ 43). During this walk through the facility, Defendants Thomas and Bucknavage allegedly pushed Perez into walls and continued to hit him. (*Id.* at ¶¶ 44, 46, 50, 52-55). Perez alleges that while in the elevator he asked for medical assistance. (*Id.* at ¶ 46). After exciting the elevator, and waiting in the transport area, Defendant Nurse Joyce sprayed water in Perez's eyes. (*Id.* at ¶ 47). Once placed in the transport van, Perez asserts that the guards continued to assault him while traveling to the state prison. (*Id.* at ¶¶ 50-51, 54).

When Perez arrived at the State Correctional Facility, he informed staff about the incident. (*Id.* at ¶ 56). A nurse examined Perez and took photographs of his injuries. (*Id.* at ¶¶ 57-59). A few days later, Perez was transferred to the medical unit at the State Correctional Facility. (*Id.* at ¶ 60). He underwent x-rays and was prescribed pain medication. (*Id.* at ¶¶ 61-62).

Perez asserts that on January 9, 2017 he wrote a letter to Defendant Devisson regarding the events that he alleges occurred at the Luzerne County Correctional Facility

3

and requested a formal investigation and the filing of charges against the officials involved.

(*Id.* at ¶ 75).  On March 26, 2017, he wrote a letter to Defendant District Attorney Salavantis

regarding the events that allegedly occurred at the Luzerne County Correctional Facility.

(*Id.* at ¶ 76).  He requested that Defendant Salavantis investigate the incident and file

charges against the guards.  (*Id.*).  On June 8, 2017, Perez filed a criminal complaint

through the Luzerne County Clerk of Court directed to Defendant Salavantis.  (*Id.* at ¶ 79).

## II.   <u>Legal Standard</u>

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

## III.   Discussion

### A.   Res Judicata

Defendants first move to dismiss all claims against Larson, Pedri, and Salavantis as barred by the doctrine of *res judicata*. (Doc. 42, pp. 14-15). On December 15, 2017, Perez commenced a civil action pursuant to 42 U.S.C. § 1983, naming a number of defendants, including Defendants Larson, Pedri, and Salavantis. (*Perez v. Larson, et al.*, M.D. Pa. Civil No. 3:17-cv-2341, Doc. 1). In the complaint, Perez alleged that he was assaulted by correctional officers at the Luzerne County Correctional Facility on October 12, 2016. (*Id.*). On February 22, 2019, this Court issued a Memorandum and Order granting a motion to dismiss by Defendants Larson, Pedri, and Salavantis, and closed the case. (*Id.* at Docs. 45, 46). Perez filed an appeal to the United States Court of Appeals for the Third Circuit. (*Id.* at Doc. 48). On May 2, 2019, the Third Circuit Court of Appeals dismissed the appeal. (*Id.* at Doc. 52). Perez filed the instant complaint on June 10, 2019, reiterating the very claims he raised in his prior action, *Perez v. Larson, et al.*, M.D. Pa. Civil No. 3:17-cv-2341.

"The doctrine of *res judicata* 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation.'" *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007), *abrogated in part, on other grounds, by Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 233-34 (3d Cir. 2009) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Three elements are required for the doctrine to take effect: (1) a final judgment on the merits

must have been rendered in a prior suit; (2) the same parties or their privies must have

been involved in both suits; and, (3) the subsequent suit must have been based on the

same cause of action as the original. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d

Cir. 1991).

In this case, each element is met. First, for purposes of the *res judicata* analysis,

dismissal pursuant to Rule 12(b) is considered a final judgment on the merits. *See*

*Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the

merits'" for purposes of *res judicata*) (citation omitted). Second, Perez is the Plaintiff in both

cases, and Defendants Larson, Pedri, and Salavantis were also named as Defendants in

*Perez v. Larson, et al.*, M.D. Pa. Civil No. 3:17-cv-2341. Third, the same civil rights cause

of action based on the October 12, 2016 incident at the Luzerne County Correctional Facility

is at issue in both cases. And, to the extent that Perez's present complaint can be

construed as raising issues not presented in *Perez v. Larson, et al.*, M.D. Pa. Civil No. 3:17-

cv-2341, *res judicata* also gives dispositive effect to an issue that could have been raised in

the earlier proceeding, whether or not the plaintiff chose to do so. *See Corestates Bank,*

*N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Because there has been a prior judgment on the merits in a lawsuit involving Perez

and Defendants Larson, Pedri, and Salavantis, which was based on the same cause of

action, the Court finds that Perez's claims against Defendants Larson, Pedri, and Salavantis are barred by *res judicata*.

### B.   Statute of Limitations

Defendants next seek to dismiss the complaint as barred by the statute of limitations. (Doc. 42, pp. 16, 22-23).  They argue that because the statute of limitations defect is clear on the face of the complaint, i.e., the cause of action accrued on October 12, 2016, and the complaint is file-stamped June 14, 2019, it is appropriate to address the issue on a motion to dismiss.  (*Id.*).

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009).  Perez's claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions.  42 PA. CONS. STAT. ANN. § 5524(2).  The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.  *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

The allegations of the complaint pertain to an incident that occurred on October 12, 2016, and the statute of limitations began running on that date. (Doc. 1). Perez did not file his complaint until June 10, 2019.[3] Because the conduct giving rise to Perez's claims took place prior to June 10, 2017, the earliest possible date on which any allegation in the complaint could be deemed timely, his claims are barred by the two-year statute of limitations applicable to § 1983 actions.

## IV.    Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set

---

[3]    Under the prison mailbox rule, a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Pabon v. Superintendent S.C.I. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). In establishing this rule, the Supreme Court recognized the unique challenge prisoners confront in that they cannot personally deliver their documents to the courthouse for filing, nor can they control when their documents are approved to be sent through the mail. *Houston*, 487 U.S. at 271. "The *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.* at 275. Based on the date of execution of the complaint, June 10, 2019, the complaint is deemed filed on June 10, 2019.

forth above, Perez's claims against the Luzerne County Defendants are legally flawed and thus incurable.  Therefore, the Court concludes that curative amendment would be a futile endeavor.

## V.    Conclusion

The Court will grant the motions (Docs. 36, 39) to dismiss by the Luzerne County Defendants.  A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: September _30_ , 2020

10